# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDALL E. HOCKETT, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 18-1213 |
| | ) |
| v. | ) Chief United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| WILKINSBURG POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

On September 12, 2018, Plaintiff, a prisoner presently incarcerated at Allegheny County Jail, initiated this lawsuit by the filing of a Motion for Leave to Proceed in forma pauperis. On October 18, 2018, Plaintiff's request for in forma pauperis status was granted and his Complaint was filed. (ECF No. 6). Upon leave of court plaintiff amended his complaint (ECF No. 14). Presently pending is Defendants'[1] Motion to Stay (ECF No. 33). Plaintiff opposes the motion. (ECF No. 58).

Plaintiff has been charged with numerous crimes in the Court of Common Pleas of Allegheny County. *Commonwealth v. Hockett*, Docket No. CP-02-CR-0002538-2018. The charges arise out of events which occurred on January 21, 2018, and include two counts of criminal attempt – murder of a law enforcement officer of the first degree, two counts of assault of law enforcement officer, four counts of aggravated assault, possession of a firearm prohibited, two counts of burglary, one count of firearm not to be carried without a license, discharge of a

---

[1] Movants are Michael Adams, Jr., Ophelia Coleman, Michele Krempasky, John Snyder, Joshua Stanga, and the Wilkinsburg Police Department. Certain other Defendants have not yet filed an

1

firearm into occupied structure, and one count of recklessly endangering another person. The charges against Plaintiff have been held for court and jury selection is set to begin June 20, 2019.

In this § 1983 action, Plaintiff alleges unreasonable search and seizure, false imprisonment, unlawful arrest, conspiracy, ineffective assistance of counsel, assault and battery, malicious prosecution, abuse of office and violations due process under the 14th Amendment. (Am. Compl. at 1-2). The allegations relate to the incident on January 21, 2018, when plaintiff alleges he was defending his and his girlfriend's home against an attempted break in which occurred while he was in the house. (Am. Comp. at ¶ 23). He alleges another individual "Rays" fired a shot through the front window, plaintiff got the gun and put it in his pocket. (Am. Compl. ¶¶ 24, 25). When the Wilkinsburg police responded to the scene, plaintiff was standing outside the house and was shot in the chest, stomach and foot. (Am. Compl. ¶ 28). He was handcuffed and a gun was removed from his pants pocket. Hockett alleges he suffered excessive force and that he was arrested without probable cause in order to cover up the excessive force violation. (Am. Compl. ¶ 30). He challenges the accuracy of the affidavits submitted in support of certain of the criminal charges (aggravated assault, criminal attempt, discharge of a firearm into occupied structure, recklessly endangering another person) which implicate him as the person breaking into the house. He alleges that the search warrant, which was based upon false information, violates the 4th Amendment. (Am. Compl. ¶¶ 32-36). He further alleges that false testimony was given at the preliminary hearing and that evidence, including shell casings, was planted at the scene. (Am. Compl. ¶ 33, 37, 39). Plaintiff further alleges ineffective assistance of counsel in violation of the 6th Amendment arising out of, inter alia, failure to file appropriate

---

answer in this matter but our analysis remains the same.

pretrial motions. (Am. Compl. ¶¶ 41-46). Plaintiff also alleges a municipal policy or custom of deliberate indifference in its training, supervision, investigation and discipline of its employees. (Am. Compl. ¶ 50).

In a situation such as this, where the § 1983 plaintiff has yet to be convicted and his civil claims are closely related to his criminal proceedings, the Court should stay the civil action. *See McKinney v. Prosecutor Cty. Prosecutors Office*, 612 Fed. App'x 62, 65-66 (3d Cir. 2015); *see also Stanford v. Uncapher*, 2:16-cv-1651, Order Staying Case, ECF No. 9 (W.D. Pa. Nov. 28, 2016); *Desabetino v. Biagini*, 2:16-cv-341, Memorandum Order Staying Case, ECF No. 47 (W.D. Pa. Nov. 10, 2016). As the Supreme Court stated in *Wallace*,

> If a plaintiff files a[ny] … claim before he has been convicted … related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of the criminal case is ended.

*Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.* at 394, citing *Heck v. Humphrey*, 512 U.S. 477 (1994).

After a review of the pleadings and documents in this case, under the circumstances, the proper course of action is to stay the entire suit and administratively close[2] it until the criminal proceedings against Plaintiff have concluded. *See Wallace*, 549 U.S. 393-94; *McKinney*, 612

---

[2] "Administrative closings comprise a familiar … way in which courts remove cases from their active files without final adjudication." *Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004) (citation and internal quotations omitted). Administrative closure is a docket control device used for statistical purposes, and it is without prejudice to Plaintiff's substantive rights. *Honig v. Comcast of Georgia I, LLC*, 537 F.Supp.2d 1277, 1290 n. 8 (N.D. Ga. 2008).

Fed. App'x at 65-66.

IT IS HEREBY ORDERED that the defendants' Motion to Stay (ECF No. 33) is GRANTED and the Clerk shall mark this case as ADMINSTRATIVELY CLOSED. If and when Plaintiff's criminal charges are dismissed or resolved in his favor, he may file with this Court a motion to reopen his case. Plaintiff is forewarned, however, that any such motion must be appropriately supported, and, should it be in contradiction to information available in the public record (e.g. his criminal docket) the request will, in the absence of good cause shown, be summarily denied.

IT IS FURTHER ORDERED THAT any defendant who has not yet filed an answer shall file an answer or otherwise respond to the Amended Complaint within thirty (30) days after the Court enters an order lifting the stay and reopening this case.


Dated: April 23, 2019 /s/ *Cynthia Reed Eddy*
Cynthia Reed Eddy
Chief United States Magistrate Judge


cc: Counsel of record

RANDALL E. HOCKETT
117576
950 Second Avenue
Pittsburgh, PA 15219
(via U.S. First Class Mail)