# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH

| | |
|---|---|
| RANDALL E. HOCKETT, ) | |
| ) | Civil Action No. 2:18-cv-01213 |
| Plaintiff, ) | |
| ) | Chief Judge Mark R. Hornak |
| vs. ) | |
| ) | |
| JOSHUA STANGA, WILKINSBURG ) | |
| POLICE OFFICER; MICHAEL ADAMS, ) | |
| JR., WILKINSBURG POLICE OFFICER; ) | |
| JOHN SNYDER, WILKINSBURG POLICE ) | |
| OFFICER; AND OPHELIA COLEMAN, ) | |
| CHIEF OF WILKINSBURG POLICE ) | |
| DEPARTMENT; ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This civil rights case was referred to Magistrate Judge Cynthia Reed Eddy for certain proceedings, including the preparation and issuance of reports and recommendations.[1] All Defendants have moved for summary judgment. (ECF No. 221). Magistrate Judge Eddy issued a Report and Recommendation ("R&R") (ECF No. 241) recommending that the motion for summary judgment be granted in full and that summary judgment be granted as to all Defendants. Plaintiff filed specific objections to the R&R (ECF No. 263), to which Defendants have filed a Reply Brief. (ECF No. 266).

When specific objections to a magistrate judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *See Sample v. Diecks*, 885 F. 2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)). The court may accept, reject, or modify, in whole

---

[1] Due to the retirement of Magistrate Judge Eddy, this case was reassigned to Magistrate Judge Richard A. Lanzillo pending the filling of the vacancy created by Judge Eddy's retirement. *See* Administrative Order 2024-03, dated April 23, 2024.

or in part, the findings or recommendations made by the magistrate judge. The Court has reviewed Plaintiff's objections *de novo* and agrees with the recommendation that Defendants are entitled to summary judgment on all claims. For the reasons which follow, the Court adopts the R&R's recommendations and adopts the R&R as the Opinion of the Court.

Plaintiff's first objection is to the recommendation that summary judgment be granted on his Fourth Amendment excessive force claim and his state law claims of assault and battery against Officers Stanga, Snyder, and Adams. As the R&R thoroughly explained, the excessive force claim is prohibited by *Heck v. Humphrey*, 512 U.S. 477 (1994), because a judgment in Plaintiff's favor would require a jury in this case to discredit the elements established by his criminal convictions of aggravated assault and assault of a law enforcement officer. Plaintiff again argues that the officers' use of force was not justified because (1) he did not match the description of the suspect, (2) he was not displaying a firearm; rather, the firearm was in his right front pocket and it was the firearm dropped by the person who was "kicking and pounding on the front door and eventually fired a shot through the front window;" and (3) he was not the one attempting to break into the house. (Obj. at pp. 1, 2, and 4).

This objection fails because it directly contradicts Plaintiff's criminal convictions, in which a jury believed the officers' rendition of events as testified to at trial, and returned a conviction against Plaintiff, concluding that he attempted to cause bodily injury to a police officer by firing a gun.[2] If the facts as Plaintiff argues are accepted, they directly contradict the precise criminal acts

---

[2] A jury found Plaintiff guilty of aggravated assault, assault of a law enforcement officer, possession of a firearm while prohibited, carrying a firearm without a license, discharge of a firearm into an occupied structure, and recklessly endangering another person. This Court may take judicial notice of the statutory elements required for each of Plaintiff's criminal convictions. *See Gallup v. Caldwell*, 120 F.3d 90, 93 (3d Cir. 1941).

of which Plaintiff was convicted.³  Because Plaintiff cannot prevail on his excessive force claim when the legal elements established by his criminal convictions are considered, this claim must be dismissed pursuant to *Heck*.

Moreover, even if Plaintiff's criminal convictions could co-exist with his excessive force claim, the police officers would be entitled to qualified immunity.  The summary judgment record is void of any evidence that demonstrates that the police officers' conduct was unconstitutional.  When the elements of Plaintiff's convictions are considered along with the summary judgment evidence of record, it is clear that the police officers' conduct did not violate a clearly established law.  Similarly, because the use of force is justified pursuant to the Fourth Amendment, the state law torts of assault and battery cannot stand.

Plaintiff's second objection is to the recommendation that summary judgment be granted on his civil conspiracy claims brought under 42 U.S.C. § 1983 and under state-law against Officers Stanga, Snyder, and Adams. Plaintiff offered no response to Defendants' summary judgment arguments in seeking judgment on these claims.  Now, for the first time, he argues that the police dispatch report reflects that the Defendants engaged in a conspiracy.  *See* ECF No. 263-1.  Plaintiff cannot now raise new arguments before this Court on objections, as courts within this circuit deem such arguments waived. *See, e.g., Washington v. Gilmore*, 2021 WL 688088 at *2 (W.D. Pa. Feb. 23, 2021) (listing cases); *Hawes v. Mahalley*, 2020 WL 1508267 (E.D. Pa. Mar. 30, 2020) ("It is

---

³  Plaintiff filed a direct appeal to the Pennsylvania Superior Court, and on February 2, 2022, the Superior Court issued a memorandum affirming all aspects of Plaintiff's conviction, and vacated the sentence with respect to credit for time served.  Plaintiff's petition for allowance of appeal to the Pennsylvania Supreme Court was denied on October 13, 2022.  Plaintiff filed a counseled Petition for Post Conviction Collateral Relief on December 20, 2023.  The Commonwealth filed its Answer to the Petition on April 9, 2024.  *See* Criminal Docket No. CP-02-cr-0002538-2018 available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-02-CR-0002538-2018 (last viewed April 29, 2024).

well settled that arguments cannot be raised for the first time in an objection to a . . . report and recommendation; rather, any such arguments are deemed waived"); *McClung v. 3M Company*, 2019 WL 4668053, at *7 (D.N.J. Sept. 25, 2019) ("It is axiomatic that a party who fails to properly assert an argument before . . . cannot raise it for the first time on an objection to an R&R"); *Vonville v. Kerestes*, 2019 WL 1040747, at *12 (M.D. Pa. Mar. 5, 2019) ("It is well-settled that 'issues raised for the first time in objections . . . are deemed waived' "). Therefore, this objection is denied as it is deemed waived.

Plaintiff's third and final objection is to the recommendation that summary judgment be granted on his failure to train and supervise claims against Chief Coleman and the Municipality. The Court agrees with the recommendation of the Magistrate Judge that the summary judgment record is void of any evidence showing any deficiencies in the officers' training that was connected to Plaintiff's injuries in this case. Likewise, the Court agrees with the recommendation of the Magistrate Judge that the summary judgment record is void of any evidence showing a specific supervisory practice that led to Plaintiff's injury.

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation and objections thereto, the Court finds that the Report's conclusions that Defendants' motion for summary judgment should be granted in its entirety is correct and adopts the same. Accordingly, the Report will be adopted as the Opinion of the Court in all respects.

An appropriate Order follows.

Dated: April 30, 2024

s/ Mark R. Hornak  
Mark R. Hornak  
Chief United States District Judge

cc: RANDALL E. HOCKETT
    QF9716
    SCI ALBION
    10745 ROUTE 18
    ALBION, PA 16475-0001
    (via U.S. First Class Mail)

    Paul D. Krepps
    Scott G. Dunlop
    Marshall, Dennehey, Warner, Coleman & Goggin
    (via CM/ECF electronic notification)